**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                      No. 95-5897

WANSLEY OTTO MASSEY, a/k/a Pops,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
William L. Osteen, Sr., District Judge, sitting by designation.
(CR-94-170)

Submitted: February 11, 1997

Decided: June 3, 1997

Before NIEMEYER, LUTTIG, and MOTZ, Circuit Judges.

_____

Dismissed by unpublished per curiam opinion.

_____

**COUNSEL**

William E. Martin, Federal Public Defender, John Stuart Bruce, Dep-
uty Federal Public Defender, Greensboro, North Carolina, for Appel-
lant. Mark T. Calloway, United States Attorney, Gretchen C.F.
Shappert, Assistant United States Attorney, Charlotte, North Carolina,
for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

After pleading guilty to conspiring to possess with intent to distribute cocaine and cocaine base,[1] Wansley Massey was sentenced to 180 months incarceration, a $2,000 fine, and five years of supervised release. Massey appeals, contending that his guilty plea was taken in violation of FED. R. CRIM. P. 11, that previously appointed counsel was ineffective, that his sentence was improperly enhanced under 21 U.S.C. § 851 (1994), that the district court misapplied the sentencing guidelines for crack cocaine, and wrongly delegated its authority to the probation department in determining the amount and timing of his fine installment payments. We find that Massey knowingly and freely waived his right to appeal his conviction and sentence; consequently, we dismiss the appeal.

At the Rule 11 colloquy, the district court thoroughly questioned Massey to ensure he was competent to enter a plea, and that he understood the nature and consequences of his plea. Specifically, the court inquired into Massey's mental health, use of drugs or medication, and whether Massey understood the consequences and all the rights he was forfeiting by pleading guilty. Massey acknowledged that he understood his rights, consulted with counsel, understood the consequences of his plea, and was freely and voluntarily pleading guilty. We find that any variance from Rule 11 regarding the mandatory minimum sentence and nature of the charge did not affect Massey's substantial rights;[2] thus, the plea agreement should be upheld because Massey made an intelligent and informed decision when he voluntarily pled guilty.[3]

_____

[1] 21 U.S.C. § 846 (1994).
[2] **See** FED. R. CRIM. P. 11(h); United States v. DeFusco, 949 F.2d 114, 117 (4th Cir. 1991).
[3] **See North Carolina v. Alford**, 400 U.S. 25, 31 (1970); Boykin v. Alabama, 395 U.S. 238, 242 (1969).

2

Additionally, the court asked Massey if he understood that he was waiving the right to appeal the merits of the case as well as his sentence. Massey answered, "Yes." The court also asked if he understood that he was also waiving his right to challenge his conviction and/or sentence in a post-conviction proceeding. Again, Massey answered, "Yes." Finally, the court inquired whether he understood that he would be bound by his plea agreement even if his sentence was more severe than he or his attorney expected. Massey answered, "Yes." Because the court fully questioned Massey during the Rule 11 hearing regarding waiving his appellate rights, the waiver of appellate rights is valid and enforceable.[4] We find Massey's other allegations of error to be either waived by his waiver of appeal rights, or for those claims surviving the waiver such as ineffective assistance of counsel and prosecutorial vindictiveness, to have no merit.

Accordingly, we dismiss the appeal. We deny counsel's motion to withdraw from representation and to withdraw the Appellant's briefs. We also deny Massey's motions to file a pro se brief, and to proceed pro se. Massey has a constitutional right to effective assistance of counsel on appeal, but merely a limited right to proceed pro se. Counsel thoroughly briefed the pertinent issues,[5] and appointed counsel need not appeal every non-frivolous issue requested by the defendant.[6] Finally, we deny Massey's motion to expedite his appeal as moot. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED

_____

[4] **See United States v. Wessells** , 936 F.2d 165, 167-68 (4th Cir. 1991); United States v. Wiggins, 905 F.2d 51, 53 (4th Cir. 1990).
[5] **See Penson v. Ohio**, 488 U.S. 75, 87 (1988); Anders v. California, 386 U.S. 738, 741 (1967) (counsel must act as advocate and not as amicus curiae).
[6] **See Jones v. Barnes**, 463 U.S. 745, 752-54 (1983).

3